# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALTON ROSS | CIVIL ACTION |
| VERSUS | CASE NO. 17-8689 |
| W&T OFFSHORE, INC. | SECTION: "G"(3) |

## ORDER

Pending before this Court is Defendant W&T Offshore Inc.'s ("W&T") unopposed "Motion for Summary Judgment."[1] Pursuant to Federal Rule of Civil Procedure 56, W&T seeks summary judgment dismissing Plaintiff Alton Ross' ("Plaintiff") tort claims on the basis that as a borrowed employee of W&T, Plaintiff's sole remedy is worker's compensation benefits under the Longshore and Harbor Worker's Compensation Act ("LHWCA").[2]

The currently pending motion was filed on November 13, 2018 and set for submission on December 5, 2018.[3] Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date. Plaintiff has filed no opposition to the motion, and therefore the motion is deemed to be unopposed.[4] This Court has authority to grant a motion that

---

[1] Rec. Doc. 50.

[2] 33 U.S.C. § 901, *et seq*.

[3] Rec. Doc. 63-1.

[4] The Court contacted both parties by email on December 12, 2018 to inquire into whether Plaintiff planned to oppose the motion. That same day, Plaintiff's counsel responded by indicating that Plaintiff planned to file an opposition. On December 13, 2018, the Court directed Plaintiff's counsel that the opposition must be submitted by December 24, 2018 at 5:00 PM. Plaintiff did not file an opposition.

1

is unopposed, although it is not required to do so.[5] District courts may grant an unopposed motion as long as the motion has merit.[6]

In the instant motion, W&T argues that the Outer Continental Shelf Lands Act ("OCSLA") applies to this dispute because Plaintiff was injured while working on an oil and gas platform located on the Outer Continental Shelf.[7] W&T asserts that Plaintiff was a borrowed employee of W&T contracted through Bailey's Catering, LLC ("Bailey's").[8] W&T contends that the LHWCA, made applicable by the OCSLA, limits the remedies available to borrowed employees and only allows for recovery of worker's compensation benefits.[9] Therefore, W&T urges the Court to dismiss Plaintiff's tort claims with prejudice.[10]

The OCSLA was enacted "to define a body of law applicable to the seabed, the subsoil, and the fixed structures . . . on the [O]uter Continental Shelf."[11] OCSLA's coverage is broad, encompassing compensation for employees injured "as the result of operations conducted on the [O]uter Continental Shelf for the purpose of exploring for, developing, removing, or transporting . . . the natural resources" of the Outer Continental Shelf payable under the LHWCA, which provides a no-fault workers' compensation system for maritime workers.[12] Section 1333(b) of the OCSLA makes workers' compensation coverage under the LHWCA an injured employee's

---

[5] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[6] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[7] Rec. Doc. 50-1 at 9.

[8] *Id.* at 1.

[9] *Id.* at 2.

[10] *Id.*

[11] *Rodrigue v. Aetna Cas. and Surety Co.*, 395 U.S. 352, 355–56 (1969).

[12] 43 U.S.C. § 1333(b).

exclusive remedy against an employer for injuries occurring on a fixed platform on the Outer Continental Shelf.[13] Furthermore, the LHWCA applies where the maritime worker was an employee or borrowed employee of the platform operator.[14] The issue of borrowed employee status is a question of law to be determined by the Court.[15] When determining borrowed employee status, courts consider nine factors, including: (1) who had control of the employee; (2) the work being performed; (3) whether there was an agreement between the original and borrowing employer; (4) whether the employee acquiesced in the work situation; (5) whether the original employer terminated its relationship with the employee; (6) who furnished the tools and place for performance; (7) the length of time of the new employment; (8) who had the right to discharge the employee; (9) and who had the obligation to pay the employee.[16] No one factor or combination of factors is determinative.[17] However, the Fifth Circuit has recognized the importance of the first factor in the resolution of the borrowed employee question; namely, the issues of control.[18]

In a prior order granting W&T's motion for partial summary judgment on Plaintiff's Jones Act claim, this Court held that the Ship Shoal 349-A ("SS 349-A"), aboard which Plaintiff

---

[13] *Id. See also Alday v. Patterson Truck Line, Inc.*, 750 F.2d 375, 375 (5th Cir. 1985).

[14] *Id.* at 375–76.

[15] *Brown v. Union Oil Co. of Cal.,* 984 F.2d 674, 676 (5th Cir. 1993).

[16] *Id.* at 676; *see also Melancon v. Amoco Prod. Co.,* 834 F.2d 1238, 1244 (5th Cir. 1988) (finding plaintiff was borrowed employee under the nine factors); *Bourgeois v. W & T Offshore, Inc.*, No. 13-294, 2013 WL 4501326, at *2 (E.D. La. Aug. 21, 2013) (same); *Robertson v. W & T Offshore, Inc.*, 712 F. Supp. 2d 515, 526 (W.D. La. 2010) (same); *Mosley v. Wood Grp., PSN Inc.*, No. 16-107, 2017 WL 4407923, at *4 (E.D. La. Oct. 4, 2017) (same); *Crawford v. BP Corp. N. Am. Inc.*, No. 13-445, 2015 WL 1190123, at *4 (E.D. La. Mar. 16, 2015) (same); *In re Weeks Marine, Inc.*, 88 F. Supp. 3d 593, 601 (M.D. La. 2015) (same). *But see Washington v. Fieldwood Energy LLC*, 275 F. Supp. 3d 767, 773 (E.D. La. 2017), *on reconsideration*, No. 15-6615, 2018 WL 263230 (E.D. La. Jan. 2, 2018) (finding genuine dispute on issue of control, plaintiff's work, and the agreement between the original employer and borrowing company); *Mathis v. Union Expl. Partners, Ltd*., No. 90-2009, 1991 WL 42570, at *1 (E.D. La. Mar. 26, 1991) (finding dispute on issue of control and agreement between the companies).

[17] *West v. Kerr-McGee Corp.*, 765 F.2d 526, 531 (5th Cir. 1985).

[18] *See Melancon,* 834 F.2d at 1245; *Capps v. N.L. Baroid-NL Indus., Inc.,* 784 F.2d 615, 616–17 (5th Cir. 1986).

performed work for W&T, was an offshore oil platform.[19] Furthermore, W&T has presented evidence showing that the SS 349-A is located on the Outer Continental Shelf,[20] and Plaintiff has presented no evidence to contradict this assertion. Therefore, the undisputed evidence establishes that the OCSLA applies to this dispute because Plaintiff was injured while working on an oil and gas platform located on the Outer Continental Shelf.

Furthermore, W&T has presented evidence showing that at the very least, the first, second, fourth, sixth, seventh, and ninth factors support a finding that Plaintiff was a borrowed employee of W&T. In a prior order, this Court noted that Plaintiff was permanently assigned by Bailey's to work on W&T's platform from April 21, 2016 to July 21, 2016.[21] While on the platform, W&T was Plaintiff's sole supervisor and the only source for Plaintiff's work space and materials.[22] W&T furnished the funds from which Plaintiff was paid,[23] and Plaintiff understood that W&T could terminate his services at any time.[24] Plaintiff has not responded to the motion for summary judgment or presented any evidence to contradict W&T's assertion that Plaintiff was a borrowed employee of W&T. Thus, the undisputed evidence in the record establishes that Plaintiff was a borrowed servant of W&T and, therefore, the accident at issue in this litigation is covered by the LHWCA, made applicable by the OCSLA. As a result, this Court finds that W&T's unopposed motion for summary judgment has merit.

Accordingly,

---

[19] Rec. Doc. 51 at 14–16.

[20] Rec. Doc. 52 at 1.

[21] Rec. Doc. 51 at 16.

[22] *See* Rec. Doc. 50-2.

[23] *Id.* at 6.

[24] *Id.* at 7.

**IT IS HEREBY ORDERED** that Defendant W&T Offshore Inc.'s unopposed "Motion for Summary Judgment"[25] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this 11th day of January, 2019.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[25] Rec. Doc. 50.